JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MICHAEL WARD d/b/a BRAINTEASER PUBLICATIONS,<br><br>Plaintiff,<br><br>-against-<br><br>ANDREWS MCMEEL PUBLISHING, LLC,<br><br>Defendant. | Case No.: 12 Civ. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Michael Ward d/b/a Brainteaser Publications (hereinafter, "Brainteaser"), by its attorneys Cowan, DeBaets, Abrahams & Sheppard LLP, complains and alleges against defendant Andrews McMeel Publishing, LLC ("AMP") as follows:

### NATURE OF THE ACTION

1.  This action arises out of AMP's willful and blatant acts of unfair competition and infringement of Brainteaser's highly successful series of "Scratch & Solve Hangman" books published by Sterling Publishing Co., Inc. ("Sterling"), a subsidiary of Barnes & Noble (the "S&S Hangman Books"), for which Brainteaser owns several federally registered copyrights and widely recognized trade dress in the books' unique design.

2.  Brainteaser recently discovered that since at least October of 2008, book publisher AMP, without Brainteaser's authorization, has been offering for sale, selling, and distributing a series of competing hangman books—in a series entitled "Pocket Posh"—which books knock off the S&S Hangman Books, incorporating their entire concept, design, look and feel. Upon investigation, Brainteaser discovered that in addition to the substantial similarities in layout,

typeface, and design, AMP also unlawfully misappropriated a substantial portion of the answers contained in the S&S Hangman Books: over twenty percent of the answers in the first three "Pocket Posh" books come directly from the S&S Hangman Books.

3.  As a result of the substantial similarities between AMP's "Pocket Posh" hangman books and both the trade dress and the protectable elements of Brainteaser's S&S Hangman Books, Brainteaser seeks a permanent injunction, monetary damages, and attorneys' fees.

## JURISDICTION AND VENUE

4.  This is an action is based on 17 U.S.C. § 101, *et seq.* (hereinafter the "Copyright Act"), Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and the common law of the State of New York.

5.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), Section 39 of the Lanham Act, 15 U.S.C. §1121(a), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.  Upon information and belief, this Court has personal jurisdiction over AMP because it transacts business within this District and has caused injury to Brainteaser's interests in this District.

7.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

8.  Plaintiff Mike Ward d/b/a Brainteaser is an individual residing in Hamilton, New Zealand.

9.  Upon information and belief, AMP is a Kansas limited liability company with its principal place of business at 1130 Walnut Street, Kansas City, Missouri, 64106.  AMP distributes its products throughout the United States and in this District.

**FACTUAL BACKGROUND**

**The S&S Hangman Books**

10. Brainteaser is the author and owner of copyright in the widely popular and highly successful series of interactive S&S Hangman Books.

11. For nearly twenty years, children and adults alike have enjoyed Brainteaser's twist on the classic hangman word game, with its unique scratch-off printing design. Indeed, the design is so unique that in 1994, the New Zealand Patent Office issued a provisional patent, No. 250,992.

12. In its first few years alone, Brainteaser sold over 250,000 units of the S&S Hangman Books in Australia and New Zealand, drawing attention from international distributors.

13. In 2005, Sterling began publishing the S&S Hangman Books, in a wide range of titles, for distribution throughout the United States.

14. All of the S&S Hangman Books contain the same unique style and trade dress, including a series of silver scratch-off circles below each letter of the alphabet, depicted in a few rows. Below that element appear numbered blanks for the answers. Next to the scratch-off alphabet section appears a dashed-line depiction of a stick figure with a noose placed loosely around its neck.

15. Since Sterling's first United States publication, over 1.7 million S&S Hangman Books have been sold in the United States and around the world.

16. Brainteaser has duly complied with all relevant requirements of the Copyright Act with respect to the S&S Hangman Books. It has registered its copyright in the S&S Hangman Books and obtained over two dozen registration certificates for the series, including but not

limited to TX 6-437-662 (*Hangman*), TX 6-436-159 (*Sports Hangman*), TX 6-436-160 (*Movie Hangman*), TX 6-878-274 (*Travel Hangman*), TX-6-878-279 (*Music Hangman*), TX 7-389-642 (*Hangwoman*); TX 7-359-719 (*Tough Hangman for Your Backpack*); TX 7-375-323 (*Hangman for Your Briefcase*); and TX 7-380-974 (*Hangman for Your Bag*).

**AMP's Infringing Acts**

17. AMP is a competitor of Brainteaser and publishes hangman puzzle books in various styles.

18. Upon information and belief, in or around late 2008, AMP began publishing and offering for sale several hangman books, including its "Pocket Posh" book series (the "Infringing Works"), which incorporate the entire concept, feel, and design of the S&S Hangman Books, without Brainteaser's authorization. A side by side comparison of a representative sampling of the S&S Hangman Books and the Infringing Works is attached as Exhibit 1.

19. The Infringing Works take the overall appearance and trade dress from the S&S Hangman Books. The Infringing Works lift the layout and style of the text – including the rows of scratch-off letters (which also appear in circular form on both) and answer location – and even the appearance of the typefaces. The Infringing Works even misappropriate the style and appearance of the hanging-man drawing (including the body outline, noose and gallows) featured in the S&S Hangman Books.

20. In addition, the Infringing Works copy a substantial number of the answers from the S&S Hangman Books. In the first three "Pocket Posh" books alone, over twenty percent of the answers are identical to those in previously published S&S Hangman Books. AMP's liberal

taking of the text is far from fortuitous and, when combined with the extensive copying described above, AMP effectively admits to willfully infringing Brainteaser's rights.

21. AMP's intent to infringe is further evident from the fact that just shortly after Brainteaser announced and published its *Hangwoman* title, AMP published a similar book entitled *Girl Hangman*.

22. Through such activities, AMP has infringed and, upon information and belief, is continuing to infringe upon Brainteaser's registered copyrights and unregistered trade dress in the S&S Hangman Books and otherwise unfairly compete with Brainteaser.

## COUNT I – COPYRIGHT INFRINGEMENT
(17 U.S.C. §§ 101 *et seq.*)

23. Brainteaser incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

24. By its actions alleged above, AMP has infringed and will continue to infringe the copyrights in the S&S Hangman Books by, *inter alia*, copying, publicly displaying and distributing the Infringing Works, which are substantially similar to and derived from the S&S Hangman Books, without any authorization or other permission from Brainteaser, in violation of Brainteaser's exclusive rights under 17 U.S.C. § 106, including Brainteaser's rights of reproduction and distribution and its right to prepare derivative works.

25. Upon information and belief, AMP's infringement of Brainteaser's copyrights in the S&S Hangman Books has been deliberate, willful and in utter disregard of Brainteaser's rights.

26. AMP's acts have caused and will continue to cause irreparable injury to Brainteaser. Brainteaser has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## COUNT II – TRADE DRESS INFRINGEMENT
(15 U.S.C. § 1125(a))

27. Brainteaser incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

28. Brainteaser's trade dress is distinctive and unique in the field.

29. Brainteaser's trade dress is widely recognized by consumers as being associated with Brainteaser and has developed secondary meaning in the marketplace.

30. By making unauthorized use, in interstate commerce, of a similar trade dress, AMP is likely to cause confusion, mistake, or deception as to the affiliation or connection of AMP with Brainteaser and as to the sponsorship or approval of AMP's Pocket Posh books by Brainteaser; such unauthorized use also improperly appropriates to AMP the valuable trade dress rights of Brainteaser.

31. AMP's acts have caused and will continue to cause irreparable injury to Brainteaser. Brainteaser has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## COUNT III – UNFAIR COMPETITION
(New York common law)

32. Brainteaser incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

33. Brainteaser's trade dress is distinct and unique in the field.

34. Brainteaser's trade dress is widely recognized by consumers as being associated with Brainteaser and has developed secondary meaning in the marketplace.

35. AMP palms off its Infringing Works as those of Brainteaser, improperly trading upon Brainteaser's goodwill and Brainteaser's valuable rights in and to the Brainteaser trade

dress. Consumers are mistakenly led to believe that Brainteaser is the source of AMP's Pocket Posh books or that AMP endorsed, licensed from, or is otherwise affiliated with Brainteaser.

36. Upon information and belief, AMP committed the above alleged acts willfully, in bad faith and in conscious disregard of Brainteaser's rights, and Brainteaser is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of AMP.

37. By the acts described above, AMP has engaged in unfair competition in violation of the common law of the State of New York.

38. AMP's acts have caused and will continue to cause irreparable injury to Brainteaser. Brainteaser has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Brainteaser respectfully demands:

A. That the Court find that AMP infringed Brainteaser's copyrights and trade dress in the S&S Hangman Books and engaged in unfair competition relating thereto;

B. That AMP, its agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, be permanently enjoined from reproducing, making, reprinting, publishing, displaying, manufacturing, selling, offering for sale, promoting, advertising, distributing, and/or commercially exploiting in any manner, either directly or indirectly, the Infringing Works or other works which incorporate the original, protectable expressions of the S&S Hangman Books, or works substantially similar thereto, pursuant to 17 U.S.C. § 502 and 15 U.S.C. § 1116(a);

C. For AMP's acts of copyright infringement, that Brainteaser be entitled to recover:

    i. all damages suffered by Brainteaser as a result of AMP's infringing acts and all profits derived from AMP's wrongful acts in an amount to be determined at the trial of this action, as provided by 17 U.S.C. § 504(b); or

    ii. at Brainteaser's election, in lieu of such damages and profits, where applicable, an award of statutory damages of up to $150,000 per registered work infringed, as provided by 17 U.S.C. § 504(c);

D.     For AMP's acts of trade dress infringement, that Brainteaser be entitled to recover actual damages and profits, trebled, under 15 U.S.C. § 1117(a), and punitive damages under the laws of New York State;

E.     That AMP be directed to deliver to Brainteaser for destruction all books, publications, displays, graphics, catalogues, means of manufacture and/or other materials in AMP's possession or control, which, if sold, distributed or used in any way would violate Paragraph B above, pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

F.     That Brainteaser recover from AMP all costs incurred in this action, together with reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

G.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Brainteaser demands a trial by jury on all issues so triable in this action.

Dated: New York, New York
October 26, 2012

>COWAN, DeBAETS, ABRAHAMS
>& SHEPPARD LLP
>
>By: _____
>Eleanor M. Lackman
>Joshua S. Wolkoff
>
>41 Madison Avenue, 34th Floor
>New York, New York 10010
>Telephone: (212) 974-7474
>Facsimile: (212) 974-8474
>ELackman@cdas.com
>JWolkoff@cdas.com
>*Attorneys for Plaintiff Mike Ward*
>*d/b/a Brainteaser Publications*